of that doctrine would raise, as to negligence on the part of the defendants was successfully met and overcome by the testimony on the part of the defendants. The defendants' foreman described the usual method of piling lumber and stated that the pile that fell was piled in the manner usual and customary. This witness saw the pile a few minutes prior to the fall, and it was then in proper shape. In this testimony he was corroborated by at least three witnesses. Although the plaintiff called two witnesses who were engaged with him in loading lumber when the accident happened, and who had been engaged in working in and about the yard for a long time previous to the day of the accident, but no testimony as to any improper piling of the lumber was adduced from them. As the evidence stands nothing but the mere happening of the accident is shown, and this is not sufficient. Papazian v. Baumgartner (Sup.) 97 N. Y. Supp. 399; Griffin v. Flank (Sup.) 95 Supp. 546.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### MASESCO v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

CARRIERS—INJURIES TO PASSENGER—EVIDENCE.

> In an action against a street railroad company for injuries to a passenger by the closing of the car door on his hand, evidence *held* insufficient to support a verdict in his favor.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Joseph Masesco against the Interborough Rapid Transit Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

George R. Coughlan, for appellant.
Eugene I. Yuells, for respondent.

GAYNOR, J. It seems to me that the verdict was plainly against the weight of evidence. The plaintiff's evidence was improbable. He was leaving a Third Avenue Elevated Railroad train at the end of the route at South Ferry, Manhattan. He testified that he was the last passenger leaving his car, that in going through the car door he put his left hand on the jamb and that the conductor was inside of the car behind him and closed the door on his hand. He had no witness of the accident. The guard testified for the defendant that he stood in his regular place on the platform between two cars; that after the plaintiff came out on the platform the door swung to and caught his hand on the left jamb where it swung on its hinges, and that he (the guard) pushed it open again; that the door was open and caught back by the catch, but had been pushed loose by a woman who was in the seat behind it; that she and other passengers were behind the plaintiff in getting off. The conductor of the train testified that he did not see

the accident; that he was at the rear end of the train. The general supervisor at the terminal testified that he saw the plaintiff after he came off the train, and that the plaintiff said he was standing on the platform of the car and the door closed and hurt his hand. He accused no one.

The verdict is not supported by a preponderance of evidence in favor of the plaintiff, which is a legal requisite. Where such preponderance does not exist, there is no legal basis for a verdict for the plaintiff; such a verdict would have no foundation under it. When that is the state of the evidence it is true that the case has to be sent to the jury under recent decisions of our highest court; but if there be a verdict for the plaintiff it cannot be permitted to stand as matter of law; it has no legal basis.

The judgment should be reversed.

Judgment of the Municipal Court reversed. and new trial ordered; costs to abide the event. All concur.